36.   Mr. Burnell began to advise Plaintiff that she received a positive customer review online and in response asked, "Whose dick you suck for that?" before asking again, "Whose dick you be sucking?"

37.   After realizing that the customer who wrote the review was a female, Mr. Burnell asked, "Whose pussy you be eating?"

38.   In or around April 2014, Defendant Company's former City Manager, Bryce Kent, was replaced by Michael Hetrick.

39.   On Tuesday, April 8, 2014, immediately after Mr. Hetrick began his employment at Defendant Company's Windsor Locks location, Plaintiff advised him that she needed to speak with him, as Plaintiff intended to make a complaint about Mr. Burnell and the hostile work environment that she was being subjected to due to his discriminatory and sexually charged comments.

40.   Mr. Hetrick was unable to talk at that moment and Plaintiff advised him that we would discuss when Plaintiff returned to work on Friday.

41.   Plaintiff's scheduled days off are Wednesday and Thursday; therefore Plaintiff did not work on April 9 or April 10.

42.   Upon Plaintiff's return to work on Friday, April 11, 2014, Plaintiff learned that Mr. Hetrick was not working that day.

43.   Upon information and belief, Mr. Hetrick had scheduled days off on April 12 and April 13, 2014.

44.   On Monday, April 14, 2014 Plaintiff and Mr. Hetrick did not have the opportunity to speak.

45.   On Tuesday, April 15, 2014, Plaintiff was ill and called out sick, to which Mr. Hetrick responded, "We will talk Friday," referring to April 18, 2014.

5

46.    Wednesday, April 16 and Thursday, April 17 were Plaintiff's scheduled days off.

47.    Due to Plaintiff's inability to speak with Mr. Hetrick in a timely manner, Plaintiff called Rachel Ferrer, Human Resources, on Thursday, April 17, 2014 and advised her of Mr. Burnell's behavior, the discrimination and hostile work environment.

48.    On Friday, April 18, 2014, Plaintiff was suspended from Defendant Company pending an investigation into manual rental agreements that were entered sometime in March of 2014 due to the computer systems being down, which upon information and belief did not result in any financial loss for Defendant Company.

49.    Plaintiff called Mr. Hetrick regarding the status of the investigation approximately three times following her suspension on April 18, 2014 and each time was told the investigation was on going and Plaintiff was suspended until further notice.

50.    On or around May 1, 2014, Plaintiff again called Mr. Hetrick regard the status of the investigation and was told to call Human Resources.

51.    Shortly thereafter, Plaintiff called Ms. Ferrer, who advised her that the investigation was still on going.

52.    Plaintiff inquired as to the status of her sexual harassment, discrimination and hostile work environment complaints regarding Mr. Burnell that Plaintiff raised with her prior to her suspension.

53.    Ms. Ferrer advised Plaintiff to meet with her on Tuesday, May 6, 2014.

54.    On May 6, 2014, Plaintiff provided Ms. Ferrer with more details regarding the treatment and comments made by Mr. Burnell, the comments relative to her daughter and the constant sexual harassment.

55.     Ms. Ferrer informed Plaintiff that the investigation into her claims and complaints of discriminatory behavior would be wrapping up the following week.

56.     On May 16, 2014, Plaintiff was terminated from Defendant Company.

57.     The stated reasons for Plaintiff's termination were a pretext to discrimination and retaliation.

**COUNT ONE:**   Sexual Harassment in Violation of Conn. Gen. Stat. §46a-60(a)(1) and §46a-60 (a)(8)

1.      Paragraphs 1-57 are hereby incorporated as paragraphs 1-57 of the First Count.

58.     The Plaintiff was subjected to constant sexual harassment by her Supervisor and Level 2 Manager of Defendant Company, Shane Burnell.

59.     The sexual harassment constituted a continuing course of conduct and created a hostile work environment for the Plaintiff.

60.     The Defendant, acting through its agents, servant, and/or employees, subjected the Plaintiff, to a continuing course of severe and pervasive conduct, creating a hostile work environment.

61.     As a result of the sexual harassment suffered at the hands of Defendant Company, Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which she is entitled.

**COUNT TWO:**   Sex Discrimination in Violation of Conn. Gen. Stat. § 46a-60(1)

1.      Paragraphs 1-57 are hereby incorporated as paragraphs 1-57 of the Second Count.

58.     The Defendant, acting through its agents, servant, and/or employees, discriminated against the Plaintiff and wrongfully terminated her on the basis of her sex.

59.     The Defendant's stated reason for drastically reducing her hours was a pretext to sex discrimination.

7

60. The Defendant, acting through its agents, servant, and/or employees, subjected the Plaintiff, on the basis of her sex, to a continuing course of severe and pervasive conduct, creating a hostile work environment.

61. As a result of the Defendant Company's violation of Conn. Gen. Stat. § 46a-60(1), Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which she is entitled.

**COUNT THREE:** Retaliation in Violation of Connecticut General Statutes §46a-60(a)(4)

1. Paragraphs 1-57 are hereby incorporated as paragraphs 1-57 of the Third Count.

58. The plaintiff engaged in a protected activity in making complaints to management about improper employment activity, and as a result, she was retaliated against by being suspended and, ultimately terminated by Defendant Company.

59. The aforementioned conduct of the Defendant Company, through its agents, servants, and/or employees, constituted retaliation in violation of Conn. Gen. Stat. §46a-60(a)(4).

60. As a result of the retaliation, Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which she is entitled.